**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

| | | |
|---|---|---|
| MOUNTAGA BAH | ) | |
| 12801 Helm Place | ) | |
| Bowie, Maryland 20716 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| MICHELLE JOHNSON BAH | ) | |
| 12801 Helm Place | ) | |
| Bowie, Maryland 20716 | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 8:08-cv-03429-RWT |
| v. | ) | |
| | ) | |
| WELLS FARGO BANK, N.A. | ) | |
| PO Box 4900- Dept. 303 | ) | |
| Scottsdale, Arizona 85261 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| WELLS FARGO BANK WEST, N.A. | ) | |
| 4455 Arrows West Drive | ) | |
| Colorado Springs, Colorado 80949-9069 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| REAL TIME RESOLUTIONS, INC. | ) | |
| 1750 Regal Row, Suite 120 | ) | |
| Dallas, Texas 75235-2287 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| HSBC BANK USA | ) | |
| One HSBC Center | ) | |
| Buffalo, NY 14203 | ) | |
| | ) | |
| and | ) | |
| | ) | |

1

| | |
|---|---|
| FEDERAL HOUSING ADMINISTRATION | ) |
| of the UNITED STATES DEPARTMENT OF | ) |
| HOUSING AND URBAN DEVELOPMENT | ) |
| 451 7th Street, S.W. | ) |
| Washington, D.C. 20410 | ) |
| | ) |
| and | ) |
| | ) |
| UNITED STATES DEPARTMENT OF | ) |
| THE TREASURY | ) |
| 1500 Pennsylvania Ave., N.W. | ) |
| Washington, D.C. 20220 | ) |
| | ) |
|     Defendants. | ) |
| | ) |

**AMENDED ANTI-FORECLOSURE COMPLAINT**

Plaintiffs, Mountaga Bah and Michelle Johnson Bah ("Mr. and Mrs. Bah"), by their undersigned counsel, state and allege for a Complaint against Defendants Wells Fargo Bank, N.A. and Wells Fargo Bank West, N.A. (collectively "Wells Fargo"), Defendant Real Time Resolutions, Inc. ("RTR"), Defendant HSBC Bank USA ("HSBC"), Defendant Federal Housing Administration ("FHA"), and Defendant United States Department of the Treasury ("the Treasury Department"), as follows:

**I.    PARTIES**

1. Plaintiff Mr. Bah is an individual living in Prince George's County, at 12801 Helm Place, Bowie, Maryland 20716 ("the Bah Home").

2. Plaintiff Mrs. Bah is an individual living at the Bah Home.

3. Plaintiffs Mr. Bah and Mrs. Bah are husband and wife.

4. Plaintiffs Mr. and Mrs. Bah work and are taxpayers. Mr. Bah works for the United States government. Mrs. Bah works for the Prince George's County Board of Election.

5. Mr. and Mrs. Bah's minor children also live with them at the Bah Home.

6. Defendant Wells Fargo Bank, N.A., in papers filed in Maryland's Land Records

2

described itself as successor by merger to Wells Fargo Home Mortgage, Inc., formerly known as Norwest Mortgage, Inc.   Wells Fargo Home Mortgage according to its stationery describes itself as a division of Wells Fargo Bank, N.A.

7. On information and belief, Defendant Wells Fargo Bank West, N.A. is a corporation organized under the laws of Colorado, with its principal place of business at 4455 Arrows West Drive, Colorado Springs, Colorado 80949-9069.

8. Upon information and belief, Defendants Wells Fargo Bank, N.A. and Wells Fargo Bank West, N.A. are subsidiaries of Wells Fargo & Company, which is a publicly traded company having its headquarters in San Francisco, California.

9. Upon information and belief, Defendant Real Time Resolutions, Inc., is a corporation with its principal office at 1750 Regal Row, Dallas, Texas 75235.

10. Upon information and belief, Defendant HSBC Bank USA ("HSBC") is a National Trust Company with its principal place of business at One HSBC Center, Buffalo, New York 14203.

11. HSBC has identified itself in written correspondence in 2009 as the Noteholder for the first priority mortgage on the Bah Home.

12. Defendant Federal Housing Administration ("FHA") is part of the United States Department of Housing and Urban Development ("HUD").

13. FHA insures the first-priority mortgage on the Bah Home.

14. Defendant United States Department of the Treasury ("The Treasury Department") is part of the United States government.

15. The Treasury Department within recent months has funded Wells Fargo, on an emergency basis, with tens of billions of taxpayer dollars.

16. Upon information and belief, no Defendant is a Maryland corporation.

II.   **JURISDICTION AND VENUE**

17. This Court has subject-matter jurisdiction in this action, based on the existence of diversity of citizenship between the parties, *see* 28 U.S.C. 1332.

18. The mortgages on the Bah Home exceed the diversity jurisdiction amount.

19. This Complaint is brought by Plaintiffs each of whom is an individual home-owner residing in Prince George's County, Maryland.

20. Defendants are engaged in the transaction of business in Prince George's County, Maryland.

21. Venue is proper in this Judicial District pursuant to 28 U.S.C. 1391(a).

22. Defendants are subject to the personal jurisdiction of this Court under Federal Rule of Civil Procedure 4(k)(1)(A).

### III.   NATURE OF THE ACTION AND FACTS

23. This is a declaratory judgment action.

24. In Maryland, where the Bah Home, 12801 Helm Place, is located, a mortgage foreclosure is an equitable action, and the lender seeking the equitable relief of foreclosure is required to have clean hands.  *Hill v. Cross Country Settlements LLC,* 402 Md. 281, 309, 936 A.2d 343, 360 (2007); *Wells Fargo Home Mortgage, Inc. v. Neal*, 398 Md. 705, 728-730, 922 A.2d 538, 552 (2007).

25. The Defendants herein lack the requisite clean hands with regard to the Bah Home,12801 Helm Place.

26. The anti-foreclosure relief sought herein is consistent with the letter dated July 7, 2008 written by Chief Judge Robert M. Bell of the Court of Appeal of Maryland, to all Maryland lawyers, "asking for your assistance in helping those of our citizens facing foreclosure to save their homes."  As Maryland's Chief Judge in that July 7, 2008 letter wrote, "Foreclosure impacts everyone – families are uprooted, property values are reduced, vacant and abandoned properties increase along with attendant crime, public revenues for the support of important services are lost, and court dockets become overwhelmed."

*The First Mortgage Dated June 4, 1999*

27. On June 4, 1999, Norwest Mortgage, Inc. was the lender when Mr. and Mrs. Bah purchased 12801 Helm Place, the Bah Home.  The Deed of Trust and the Note dated June 4,

1999 show the principal sum was $142,327.00.  According to the Note, the term was 30 years, the interest rate was 7.000% per year, and the monthly payment of principal and interest was $946.91.

28. The June 4, 1999 mortgage at its inception received FHA Case No. 249-3793347 703.

29. FHA is the insurer of the first-priority mortgage on the Bah Home.

30. Subsequently, Norwest Mortgage, Inc. became known as Wells Fargo Home Mortgage, Inc., and merger occurred with Wells Fargo Bank, N.A.

31. Defendant, doing business as Wells Fargo Home Mortgage, presently is asserting the Norwest mortgage dated June 4, 1999 against Mr. and Mrs. Bah.

32. A monthly mortgage statement dated November 19, 2008 sent by Wells Fargo indicates that the unpaid principal balance is $134,657.74 which does not bear any reasonable relationship to what the principal balance should be as payments have been occurring since 1999.

33. Wells Fargo Home Mortgage has been sending Mr. and Mrs. Bah monthly statements demanding payment of a monthly principal, interest and escrow amount of $1,645.13 which is inconsistent with the Note dated June 4, 1999 in which the monthly payment of principal and interest is $946.91.

34. Through the present, Wells Fargo has been collecting from the Bahs a monthly FHA insurance premium.

35. The sum of escrow, including the FHA insurance premium and taxes, plus the amount of $946.91 principal and interest payment stated in the Note dated June 4, 1999, still is less than the $1,645.13 monthly amount that Wells Fargo has been asserting under the first-priority mortgage.

*The Second Mortgage Dated December 15, 2000*

36. In 2000, Wells Fargo took advantage of Mr. Bah, who was not a native of the United States and not fluent in English, and added a second mortgage dated December 15, 2001 to 12801 Helm Place in the amount of $30,000.00.

37. At the time of the 2000 second mortgage, Mr. and Mrs. Bah were not provided a copy of a loan application or Truth in Lending Disclosure Statement ("TILDS").

5

38. Upon information and belief, Wells Fargo failed to carry out businesslike, prudent underwriting activity when making the 2000 second mortgage on 12801 Helm Place such as would be expected of a lender engaged in reputable lending practices.

39. Whether FHA permitted Wells Fargo to add this second mortgage against the Bah Home, and if so, FHA's reasoning, remains to be determined.

40. Upon information and belief, Wells Fargo engaged Defendant RTR in or about 2006 to assert the second mortgage on 12801 Helm Place against Mr. and Mrs. Bah.

41. In 2008, such as by a statement dated October 15, 2008, Defendant RTR has been asserting the second mortgage.

42. Although Wells Fargo's file seems to contain the deed of trust and some basic documents, apparently documents that ordinarily would be expected of a bank engaged in reputable lending are absent. For example, as of December 12, 2008, Wells Fargo has written about "Loan Application" that "We are sorry to find that we do not have a copy of the document."

43. The lack of a loan application for the second mortgage reflects that the lender was unconcerned with whether the borrower had capacity to repay the second mortgage from a lawful source of funds, and was using the second mortgage on 12801 Helm Place for purposes which cannot be presumed to be equitable. For example, for a subsidiary of a publicly traded company to be involved in home lending without documentation of the borrower's capacity to pay is not within the scope of what can be presumed to be equitable conduct by a lender.

44. Further, Wells Fargo has tried to cover up the non-existence of the loan application, by telling Mr. Bah that "We recommend that you obtain this information from your closing agent, attorney, or County Recorder's Office."

***Wells Fargo's Apparent Modification of the First-Priority Mortgage
as of November 10, 2004***

45. According to documents provided by Wells Fargo's counsel in 2009, apparently in late 2004 Wells Fargo modified the first-priority mortgage on the Bah Home.

46. The papers provided by Wells Fargo in 2009 show the unpaid principal balance as

"Pre-Modification" "134,113.93" but as "Modified" to "$144,624.41" in 2004, and further show that the "Pre-Modification" monthly principal and interest payment was "$946.91" but was "Modified" by Wells Fargo to "$1,029.91".

47. The papers provided by Wells Fargo in 2009 show that among the amounts being added to the principal was $3,451.35" for "Corp Recov/Title/Mod Fees/Atty/FC/BPO/Appraisal".

48. Whether FHA permitted Wells Fargo to perform the 2004 loan modification against the Bah Home, and if so, FHA's reasoning, remains to be determined.

49. In a letter dated August 6, 2008, Wells Fargo wrote a two-page letter to the Bahs discussing the first-priority and second-priority mortgage history, but with no mention of any supposed loan modification in 2004.

50. Wells Fargo's supposed loan modification from 2004 was not on file in Maryland's land records.

51. Mr. Bah initially tried to act *pro se* to sort out the mortgage problems for the Bah Home as well a confusing assertion by Capital Financial Credit of what was not believed to be Mr. Bah's debt but rather a case of identity theft.

52. When Mr. Bah's *pro se* efforts did not result in sorting out the Bah's mortgage problems nor in Capital Financial Credit recognizing that the credit card debt it was asserting against him was not Mr. Bah's but rather needed investigating as an identity theft problem, Mr. Bah engaged attorney Andre Brady ("Mr. Brady") and the law firm of Brady O'Neill, LLC by paying a $1,500.00 retainer in or about March 2008.

53. When Mr. Brady unexpectedly failed to show, Mr. Bah was alone *pro se* in court, and Capital Financial prevailed, which, along with Mr. Brady having permitted a due date to be missed, left Capital Financial Credit to proceed to garnish Mr. Bah's wages.

54. Upon information and belief, Mr. Brady's non-appearance in court and permitting a due date to pass were due to personal problems of Mr. Brady's.

55. Upon information and belief, Mr. Brady has left the country.

56. Wells Fargo apparently is treating the Capital Financial judgment as a routine

judgment on an unpaid credit card debt and not as an identity theft problem bearing further investigation.

57. Capital Financial in May 2009 has cooperated somewhat in providing documents from 2005 and late 2004 which are Citibank Platinum credit card statements but has yet to provide early-enough documents that would show the underlying charge(s).

58. Capital Financial is reducing the monthly amount by which it is garnishing Mr. Bah's wages as set forth in a garnishment amendment letter by its attorney dated May 26, 2009 which has been provided to Wells Fargo.

59. By letter dated April 29, 2009 regarding the Bah Home and showing "HUD/FHA Case No. 249-3793347", Wells Fargo's attorneys have written, "The mortgage for the above-referenced property is about to be foreclosed (sometimes referred to as repossessed). We expect that ownership of the property will be transferred to Wells Fargo Bank, NA probably within the next 60 to 90 days. Shortly thereafter, it is probable that ownership will be transferred to the Secretary of Housing and Urban Development (HUD).

60. Wells Fargo and HSBC have little or no motivation to avoid foreclosing the Bah Home because if foreclosure occurs, they can obtain payout from FHA, the insurer.

61. FHA is not yet sufficiently involved in the matter of the Bah Home's mortgage problem and in formulating a non-foreclosure solution.

62. The Treasury Department is not yet sufficiently involved in how Wells Fargo is proceeding with regard to the Bah Home.

**PRAYER FOR RELIEF**

WHEREFORE, in view of the foregoing, Plaintiff hereby prays for relief as follows:

A.       A preliminary injunction enjoining Defendants from initiating mortgage foreclosure proceedings against the Bah Home;

B.       A declaratory judgment that Defendants lack the requisite clean hands to initiate a foreclosure action against the Bah Home;

C.       Such other and further relief as may be available to Plaintiffs under the Maryland

       Mortgage Fraud Protection Act;

D.      Such other legal and equitable relief as may be appropriate.

Date:  May 28, 2009                      Respectfully submitted,

/s/ Mary E. Goulet

_____
Mary E. Goulet (Bar No. 06817)
Whitham, Curtis, Christofferson & Cook, P.C.
11491 Sunset Hills Road, Suite 340
Reston, Virginia 20190
(703) 787-9400 (voice)
(703) 787-7557 (fax)
Mary@wcc-ip.com

### CERTIFICATE OF SERVICE

I certify that on this 28th day of May, 2009, I caused the foregoing AMENDED ANTI-FORECLOSURE COMPLAINT (MARKED-UP VERSION) to be electronically filed.

/s/ Mary E. Goulet

_____
Mary E. Goulet (Bar No. 06817)
Whitham, Curtis, Christofferson & Cook, P.C.
11491 Sunset Hills Road, Suite 340
Reston, Virginia 20190
(703) 787-9400 (voice)
(703) 787-7557 (fax)
Mary@wcc-ip.com