**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| MOUNTAGA BAH | ) | |
| 12801 Helm Place | ) | |
| Bowie, Maryland 20716 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| MICHELLE JOHNSON BAH | ) | |
| 12801 Helm Place | ) | |
| Bowie, Maryland 20716 | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 8:08-cv-03429-RWT |
| v. | ) | |
| | ) | |
| WELLS FARGO BANK, N.A. | ) | |
| PO Box 4900- Dept. 303 | ) | |
| Scottsdale, Arizona 85261 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| WELLS FARGO BANK WEST, N.A. | ) | |
| 4455 Arrows West Drive | ) | |
| Colorado Springs, Colorado 80949-9069 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| REAL TIME RESOLUTIONS, INC. | ) | |
| 1750 Regal Row, Suite 120 | ) | |
| Dallas, Texas 75235-2287 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| HSBC BANK USA | ) | |
| One HSBC Center | ) | |
| Buffalo, NY 14203 | ) | |
| | ) | |
| and | ) | |
| | ) | |

1

| | |
|---|---|
| UNITED STATES DEPARTMENT OF | ) |
| HOUSING AND URBAN DEVELOPMENT | ) |
| 451 7th Street, S.W. | ) |
| Washington, D.C. 20410 | ) |
| | ) |
| and | ) |
| | ) |
| UNITED STATES DEPARTMENT OF | ) |
| THE TREASURY | ) |
| 1500 Pennsylvania Ave., N.W. | ) |
| Washington, D.C. 20220 | ) |
| | ) |
|       Defendants. | ) |
| | ) |

## SECOND AMENDED COMPLAINT

Plaintiffs, Mountaga Bah and Michelle Johnson Bah ("Mr. and Mrs. Bah"), by their undersigned counsel, state and allege for a Complaint against Defendants Wells Fargo Bank, N.A. and Wells Fargo Bank West, N.A. (collectively "Wells Fargo"), Defendant Real Time Resolutions, Inc. ("RTR"), Defendant HSBC Bank USA ("HSBC"), Defendant United States Department of Housing and Urban Development ("HUD"), and Defendant United States Department of the Treasury ("Treasury"),  as follows:

## I.    PARTIES

1. Plaintiff Mr. Bah is an individual living in Prince George's County, at 12801 Helm Place, Bowie, Maryland 20716 ("the Bah Home").

2. Plaintiff Mrs. Bah is an individual living at the Bah Home.

3. Plaintiffs Mr. Bah and Mrs. Bah are husband and wife.

4. Plaintiffs Mr. and Mrs. Bah work and are taxpayers.

5. Mr. Bah works for the United States government.

6. Mrs. Bah works for the Prince George's County Board of Election.

7. Mr. and Mrs. Bah's three minor children also live with them at the Bah Home.

8. Defendant Wells Fargo Bank, N.A., in papers filed in Maryland's Land Records described itself as successor by merger to Wells Fargo Home Mortgage, Inc., formerly known as Norwest Mortgage, Inc.

9. Wells Fargo Home Mortgage according to its stationery describes itself as a division of Wells Fargo Bank, N.A.

10. On information and belief, Defendant Wells Fargo Bank West, N.A. is a corporation organized under the laws of Colorado, with its principal place of business at 4455 Arrows West Drive, Colorado Springs, Colorado 80949-9069.

11. Upon information and belief, Defendants Wells Fargo Bank, N.A. and Wells Fargo Bank West, N.A. are subsidiaries of Wells Fargo & Company, which is a publicly traded company having its headquarters in San Francisco, California.

12. Defendant Wells Fargo is the servicer on the first-priority mortgage against the Bah Home.

13. Defendant Wells Fargo is the original lender on the second-priority mortgage against the Bah Home.

14. Upon information and belief, Defendant RTR is a corporation with its principal office at 1750 Regal Row, Dallas, Texas 75235.

15. Defendant RTR currently is servicing the second-priority mortgage against the Bah Home.

16. Upon information and belief, Defendant HSBC is a National Trust Company with its principal place of business at One HSBC Center, Buffalo, New York 14203.

3

17. HSBC is identified in written correspondence in 2009 as the Noteholder for the first priority mortgage on the Bah Home.

18. Federal Housing Administration ("FHA") is part of HUD.

19. FHA insures the first-priority mortgage on the Bah Home.

20. Defendants Wells Fargo and HSBC have been threatening, in writing, that the Bah Home is to be repossessed by HUD.

21. Treasury within recent months has funded Wells Fargo, on an emergency basis, with tens of billions of taxpayer dollars, thereby acquiring a large ownership interest in Wells Fargo.

22. Upon information and belief, no Defendant is a Maryland corporation.

## II.    JURISDICTION AND VENUE

23. This Court has subject-matter jurisdiction in this action, based on the existence of diversity of citizenship between the parties, *see* 28 U.S.C. 1332.

24. The mortgages on the Bah Home exceed the diversity jurisdiction amount.

25. The damages to the Bahs if their home were to be foreclosed exceed the diversity jurisdiction amount.

26. This Complaint is brought by Plaintiffs each of whom is an individual home-owner residing in Prince George's County, Maryland.

27. Defendants are engaged in the transaction of business in Prince George's County, Maryland.

28. Venue is proper in this Judicial District pursuant to 28 U.S.C. 1391(a).

29.  Defendants are subject to the personal jurisdiction of this Court under Federal Rule of Civil Procedure 4(k)(1)(A).

4

30. As to HUD and Treasury, the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-06 applies.

III.    **FACTS COMMON TO ALL COUNTS**

31. In a letter, on court letterhead, dated July 7, 2008, Chief Judge Robert M. Bell of the Court of Appeal of Maryland, wrote to all Maryland lawyers, "asking for your assistance in helping those of our citizens facing foreclosure to save their homes."

32. Maryland's Chief Judge's July 7, 2008 letter also wrote, "Foreclosure impacts everyone – families are uprooted, property values are reduced, vacant and abandoned properties increase along with attendant crime, public revenues for the support of important services are lost, and court dockets become overwhelmed."

*The 1999 First Mortgage*

33. On June 4, 1999, Norwest Mortgage, Inc. was the lender when Mr. and Mrs. Bah purchased 12801 Helm Place, the Bah Home.

34. The Deed of Trust and the Note dated June 4, 1999 show the principal sum was $142,327.00.

35. According to the Note, the term was 30 years, the interest rate was 7.000% per year, and the monthly payment of principal and interest was $946.91.

36. The Bahs' down-payment in connection with the June 4, 1999 purchase of their home was 3%.

37.  A 3% down payment was the minimum down-payment that FHA permitted under its then-current regulations.

38. The minimum down-payment required by FHA has changed over time and 3% is the lowest

that FHA has ever permitted.

39. Before 1999, at some times the FHA minimum percentage down payment had been higher than 3%.

40. Today, the minimum percentage down-payment for an FHA insured loan is 3.5%.

41. The June 4, 1999 mortgage at its inception received FHA Case No. 249-3793347 703.

42. Norwest Mortgage, Inc. became known as Wells Fargo Home Mortgage, Inc., when merger occurred with Wells Fargo Bank, N.A.

43. Wells Fargo presently is asserting the Norwest mortgage dated June 4, 1999 against Mr. and Mrs. Bah.

44. Wells Fargo has been sending Mr. and Mrs. Bah monthly statements demanding payment of a monthly principal, interest and escrow amount of $1,645.13.

45.  The $1,645.13 amount demanded reflects a larger principal and interest amount than the Note dated June 4, 1999 in which the monthly payment of principal and interest is $946.91.

### *The 2000 Predatory Second Mortgage*

46. Wells Fargo engaged in predatory lending in 2000 in making a second mortgage against the Bah Home.

47. The original principal amount of the 2000 second mortgage was $30,000.

48. Wells Fargo knew, or should have known, of the affordability problems inherent in putting the Bahs under a monthly housing debt load that included the 1999 FHA-insured first mortgage **plus** the 2000 second mortgage.

49. At the time of the 2000 second mortgage, Mr. and Mrs. Bah were not provided a copy of a

6

loan application or Truth in Lending Disclosure Statement ("TILDS").

50. Defendants continue to withhold the loan application for the 2000 second mortgage.

51. Wells Fargo when underwriting the second mortgage lacked reasonable basis to believe that the total monthly housing debt including the second mortgage would be affordable for the Bahs.

52. Upon information and belief, Wells Fargo engaged Defendant RTR in or about 2006 to assert the second mortgage on 12801 Helm Place against Mr. and Mrs. Bah.

53. In 2008, such as by a statement dated October 15, 2008, Defendant RTR has been asserting the second mortgage.

### *The 2004 Predatory Modification*

54. According to documents provided by Wells Fargo's counsel in 2009, apparently in late 2004 Wells Fargo modified the first-priority mortgage on the Bah Home.

55. The Wells Fargo 2004 modification increased the unpaid principal balance by over Ten Thousand Dollars.

56. The Wells Fargo 2004 modification **increased** the monthly principal and interest payment by almost 8%.

57. Wells Fargo when underwriting the 2004 increase lacked reasonable basis to believe that the total housing debt including the increased first-priority monthly payment would be affordable for the Bahs.

58. It was inequitable conduct of Wells Fargo to *increase* the Bahs' monthly principal and interest payment when making the baseline monthly principal and interest already had proved problematic for the Bahs.

7

59.  It was inequitable conduct of Wells Fargo to add to the principal $3,451.35 for "Corp Recov/Title/Mod Fees/Atty/FC/BPO/ Appraisal".

60.  It was inequitable conduct of Wells Fargo to be secretive with regard to the 2004 loan modification, such as: In a letter dated August 6, 2008, Wells Fargo wrote a two-page letter to the Bahs discussing the first-priority and second-priority mortgage history, without mention of any supposed loan modification in 2004; Wells Fargo has not filed its 2004 modification increasing the FHA-insured mortgage on the Bah Home in Maryland's land records although other Wells Fargo loan modifications dated in 2004, for other properties, are on file in Maryland's land records.

61.  Defendants have yet to purge the 2000 predatory second mortgage.

62.  Defendants have yet to purge the 2004 predatory loan modification.

63.  Defendants are treating the garnishment of Mr. Bah's wages as a routine garnishment by judgment creditor Capital Financial acting for Citibank, rather than as a result of an identity theft problem experienced by Mr. Bah.

64.  By letter dated April 29, 2009 regarding the Bah Home and showing "HUD/FHA Case No. 249-3793347", Wells Fargo's attorneys have written, "The mortgage for the above-referenced property is about to be foreclosed (sometimes referred to as repossessed). We expect that ownership of the property will be transferred to Wells Fargo Bank, NA probably within the next 60 to 90 days. Shortly thereafter, it is probable that ownership will be transferred to the Secretary of Housing and Urban Development (HUD)."

65.  Defendants have not withdrawn the April 29, 2009 letter.

8

COUNT I
*(Implied Duties of Good Faith and Fair Dealing)*

66. The allegations of paragraphs 1 through 65 are incorporated by reference as if fully stated herein.

67.  Under the first mortgage, the lender owed the Bahs implied duties of good faith and fair dealing.

68. When Wells Fargo succeeded to Norwest's interests through merger, Wells Fargo came to owe the Bahs the implied duties of good faith and fair dealing under the first mortgage.

69.  Wells Fargo has committed a breach of the aforesaid contractual duties by its conduct and inaction including but not limited to failing to purge the 2000 predatory second mortgage, carrying out the predatory 2004 modification of the first-mortgage and failing to purge the predatory 2004 modification.

70.  The Bahs have been, and continue to be, damaged by Wells Fargo's breach of contractual duties.

71. The Bahs' damages are proximately caused by Wells Fargo's breach of its contractual duties.

WHEREFORE, in view of the foregoing, Plaintiffs hereby prays for relief as follows:

A.      Injunctive relief ordering Wells Fargo to purge the 2000 predatory second mortgage;

B.      Injunctive relief ordering Wells Fargo to purge the 2004 predatory modification;

C.      Injunctive relief ordering Wells Fargo to cease and desist from initiating a foreclosure action against the Bah Home;

D.      Such other legal and equitable relief as may be appropriate.

9

## COUNT II
### *(Unclean Hands)*

72. The allegations of paragraphs 1 through 71 are incorporated by reference as if fully stated herein.

73. Wells Fargo has an interest in the first mortgage on the Bah Home.

74. HSBC has an interest in the first mortgage on the Bah Home.

75. HUD has an interest in the first mortgage on the Bah Home.

76. Wells Fargo has been engaged in inequitable conduct with regard to the Bah Home since 2000 including but not limited to the 2000 predatory second mortgage, the 2004 predatory modification, and ongoing attempts to foreclose against the Bah Home in order to collect the FHA insurance pay-out.

77. HSBC has been engaged in inequitable conduct with regard to the Bah Home including having had the 2004 predatory modification made on its behalf.

WHEREFORE, in view of the foregoing, Plaintiffs hereby prays for relief as follows:

A.   Injunctive relief ordering Wells Fargo, HSBC and HUD to cease and desist from initiating, or permitting to be initiated, a foreclosure action against the Bah Home;

B.   A declaratory judgment that Wells Fargo lacks the requisite clean hands to bring a foreclosure action against the Bah Home;

C.   Such other legal and equitable relief as may be appropriate.

## COUNT III
### *(Declaratory Judgment As to 2000 Predatory Second Mortgage)*

78. The allegations of paragraphs 1 through 65 are incorporated by reference as if fully stated herein.

10

79. The 2000 second mortgage was obtained through predatory lending and lender-side inequitable conduct.

80. Predatory lending against homeowners on a primary residence is against public policy.

81. Lender-side inequitable conduct against homeowners on their primary residence is against public policy.

82. The 2000 predatory second mortgage is patently offensive to the public good.

WHEREFORE, in view of the foregoing, Plaintiffs hereby prays for relief as follows:

A.      A declaratory judgment against RTR and Wells Fargo that the 2000 second mortgage is void and unenforceable;

B.      Such other legal and equitable relief as may be appropriate.

COUNT IV
*(Piercing the Corporate Veil)*

83.  The allegations of paragraphs 1 through 82 are incorporated by reference as if fully stated herein.

84.  Treasury has a substantial ownership interest in Wells Fargo.

85.  There is a paramount equity to be enforced with regard to how Wells Fargo has been proceeding as to the Bah Home.

WHEREFORE, in view of the foregoing, Plaintiffs hereby prays for relief as follows:

A.      A declaratory judgment piercing the corporate veil of Wells Fargo;

B.      Such other legal and equitable relief as may be appropriate.


Date:   June 29, 2009                         Respectfully submitted,



                                              /s/ Mary E. Goulet


                                              _____
                                              Mary E. Goulet (Bar No. 06817)
                                              Whitham, Curtis, Christofferson & Cook, P.C.
                                              11491 Sunset Hills Road, Suite 340
                                              Reston, Virginia 20190
                                              (703) 787-9400 (voice)
                                              (703) 787-7557 (fax)
                                              Mary@wcc-ip.com


                        CERTIFICATE OF SERVICE

        I certify that on this 29th day of June, 2009, I caused the foregoing SECOND AMENDED
COMPLAINT to be electronically filed.

                                      /s/ Mary E. Goulet
                                      _____
                                      Mary E. Goulet (Bar No. 06817)
                                      Whitham, Curtis, Christofferson & Cook, P.C.
                                      11491 Sunset Hills Road, Suite 340
                                      Reston, Virginia 20190
                                      (703) 787-9400 (voice)
                                      (703) 787-7557 (fax)
                                      Mary@wcc-ip.com